UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
IN THE MATTER OF THE ESTATE OF　　　　　　　　　Civil Action No:
GEORGE HOMER TILLMAN III BY
ANTOINETTE TILLMAN, INDIVIDUALLY AND AS
ADMINSTRATIX OF THE ESTATE,

      Plaintiffs,　　　　　　　　　**VERIFIED COMPLAINT**
                 **JURY TRIAL DEMAND**
  -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICERS
JOHN DOES #1-10, IDENTITIES CURRENTLY
UNKNOWN, AS POLICE OFFICERS AND
INDIVIDUALLY.
      Defendants.
------------------------------------------------------------------------X

  The plaintiffs, The Estate of George Homer Tillman III, by Antoinette Tillman, Administratrix, and Antoinette Tillman individually, by her attorneys, KUPILLAS, UNGER & BENJAMIN, LLP, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENTS

1. Plaintiff as the Administratrix of the Estate of George Homer Tillman III and individually as the spouse of the deceased bring this action for compensatory damages, punitive damages, equitable relief and accrued of costs, interest and such other relief as this Court deems equitable and just.

2. Due to the negligent and/or intentional acts of police misconduct, George Homer Tillman III was battered, assaulted, illegally seized and subjected to excessive force which resulted in his wrongful death.

## NATURE OF CLAIM

3. Plaintiff seeks redress pursuant to 42 U.S.C §§1983, 1985 and 1988, et reg. for violations of her husband's rights secured by the First, Fourth, Fifth and Eight Amendments and the Due Process clause of the Fourteenth Amendment of the Constitution of the United States.

4. Plaintiff also seeks redress under Article 1 Section 11 of the New York State Constitution for denial of Equal Protection and for torturous conduct against her husband by the Defendants through battery, assault, illegal seizure, excessive force, abuse of power and authority, conspiracy and Prima Facie Tort.

## JURISDICTION

5. This Court is empowered by 28 U.S.C. Section 1331, 1343, 1367, 2201 and 2202, to hear and decide these claims for relief.

6. This Court has pendent and supplemental jurisdiction over all claims asserted herein under the law of the State of New York pursuant to 28 U.S.C § 1367(a).

## VENUE

7. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a)(b) and (c) and all material events described herein occurred in the City of Queens, State of New York.

## JURY TRIAL DEMAND

8. Plaintiff demands a trial by Jury of all claims so triable.

## PARTIES

9. Antoinette Tillman is the spouse of the Decedent George Homer Tillman III and was appointed Administratrix of *inter alia* the goods, chattels credits of the Decedent George Homer Tillman III, by Letters of Administration dated April 4, 2018 in the Surrogate Court of Queens County.

10. The Decedent George Homer Tillman III resided at 3343 Washington Avenue, County and City of Baltimore, State of Maryland with his wife, Antoinette Tillman and their three young children. As a result of her husband's death, Plaintiff and her children are now residents of Queens County, New York.

11. This action against the herein named Defendants is brought by Antoinette Tillman in the capacity as Administratix on behalf of the Estate of George Homer Tillman III and herself individually.

12. That the Defendants, the City of New York, at all times hereinafter mentioned is a municipal corporation duly organized and existing under and by virtue of laws of the State of New York, and the Public employer of all named Defendants the City of New York maintains a police force known as the New York City Police Department for which the "City", its agents, servants and employees operated, maintained and controlled including all Defendants, Police Officers involved in the shooting death of the Decedent.

13. Upon information and belief the New York City Police Department hereinafter referred to as "NYPD" is an agency of the "City", existing and operating by virtue of the laws of the State of New York and the City of New York.

14. Upon information and belief, on April 17, 2016, the unknown Police Officers involved in

the shooting death were assigned to the 106th precinct as they were employed as New York City Police Officers.

15. Unknown Defendants Police Officers are being sued in their individual and official capacities and all acted within the scope of their employment and under the color of law, specifically under statutes, ordinances, regulations, policies, customs and usage of the United States and the State and City of New York.

16. Unknown Defendants, Police Officers John Does 1-10, at all relevant times were police officers employed by Defendant, the City of New York, acting within the scope of employment and under the color of federal and state law.

## NOTICE OF CLAIM

17. Plaintiff timely filed a Notice of Claim on or about July 12, 2016 against the Defendants, City of New York in compliance with General Municipal Law Section 50, stating the applicable causes of actions.

18. More than thirty (30) days has elapsed since service and filing of said Notice of Claim and the Defendant, City of New York, has failed to pay or adjust the claim.

19. Antoinette Tillman submitted to her §50h hearing which was held on June 30, 2017 in accordance with General Municipal Law.

## FACTUAL ALLEGATIONS

20. That at all times hereafter mentioned, Defendants "Officers" were employed by the Defendant, the New York City Police Department, ("NYPD").

21. That the Defendant, the City of New York ("City") its agents, servants and/or employees operated, maintained and controlled a police force known as the "NYPD" including all police

officers employed thereby.

22. That on April 17, 2016, at approximately 1:00 a.m. the Decedent, George Homer Tillman III, was lawfully standing beside his vehicle parked in the roadway at 116th Street in South Ozone Park, Queens, New York near the address 116-15 135th Avenue in Queens, New York.

23. Upon information and belief and at that approximate date and time, said unknown Police Officers stopped Decedent and told him he was not allowed to be holding an open bottle of alcohol. Upon information and belief, and in compliance with the Officer(s)' demand, Decedent immediately handed the bottle to his friend, who took the bottle.

24. Upon information and belief, at that point, the said unknown Officers could have let Decedent go with a warning or a citation for same. They did not.

25. Upon information and belief, Mr. Tillman then attempted to approach his vehicle and go with Plaintiff and their friends for a social evening.

26. Upon information and belief, and for reasons unknown to Plaintiff, the said Officers exited their vehicle and approached Decedent while he was still out of the vehicle in a threatening manner.

27. Upon information and belief, in so acting said Officers did create a fear and apprehension by the Decedent to the point of substantial fear for his physical safety.

28. Upon information and belief, under such fear, Decedent fled the scene and ran away.

29. Upon information and belief, within approximately one minute later while running away, Decedent reached 116th Avenue. At the point where he was running down 116th Avenue, four of the unknown responding Police Officers shot multiple rounds at Decedent.

30. Upon information and belief, either one, numerous or all of these shots killed Decedent

almost instantly.

31. Upon information and belief, Decedent did not have a weapon at the time the Officers shot at him.

32. Upon information and belief, the Police Officers responsible for shooting the multiple rounds at Decedent causing his death failed to detain the Decedent by other, non-lethal methods, and failed to supervise the other Officers involved.

33. Upon information and belief, certain of the Officers failed to intervene on behalf of the Decedent, to stop the negligent and/or intentional actions of the Officers who fired at Decedent.

34. Upon information and belief, said lethal force, was unnecessary, excessive and unjustified. The Defendant Officers conduct was negligent, reckless, excessive, unnecessary and in violation of law and the Police Patrol Guidelines.

35. Upon information and belief, the Defendants/Officers shooting was conducted without reason or provocation.

36. Said misconduct and/or shooting resulted in the death of the Decedent, George Homer Tillman III. As a result of the Defendants misconduct, Decedent was caused to suffer severe physical injuries, pain and suffering resulting in his death, in addition to emotional and psychological distress and horror.

37. The Defendants Officers did not have probable cause to discharge their firearms.

38. The Defendants/Officers failed to adhere to <u>Patrol guidelines 203-11-Use of Force</u>. The Defendants "Pledge to value human life and respect the dignity of each individual" here the Defendants/Officers were negligent. The Defendants/Officers negligently or otherwise failed to "preserve human life."

39. The Defendants/Officers far exceeded the amount of force necessary to detain Decedent George Homer Tillman III which resulted in his death.

40. The Defendants/Officers failed to use deadly physical force as a last resort which is consistent with law and NYPD policy.

41. The Defendants/Officers present and/or observing also failed to intervene and supercede the use of deadly and excessive force which resulted in the death of the Decedent, George Homer Tillman III.

42. The Defendants'/Officers' force was unnecessary and excessive given that the Decedent, was not dangerous to him or others.

43. The Defendants/Officers failed to adhere to rules, regulations and procedures as to when to discharge and fire their weapons.

44. The Defendants/Officers, notwithstanding the above-mentioned, failed to employ the use of the non-lethal weapons they possessed such as mace, a taser gun or baton.

### AND AS FOR A FIRST CAUSE OF ACTION ON BEHALF OF ANTOINETTE TILLMAN, AS ADMINISTRATRIX OF THE ESTATE OF GEORGE HOMER TILLMAN III FOR WRONGFUL DEATH AGAINST ALL DEFENDANTS

45. The Plaintiff repeats and re-alleges such and every allegation set forth above inclusive with the same force and effect as if more fully set forth at length herein.

46. That on April 17, 2016 at approximately 1:00 a.m., the Decedent, George Homer Tillman III, was lawfully walking to his vehicle when he was caused to be shot multiple times resulting in his death by Defendant(s).

47. That said shooting of the Decedent, George Homer Tillman III, was without probable cause.

48. The shooting death of the Decedent, George Homer Tillman III, was executed knowingly, intentionally, willfully and/or negligently.

49. The shooting death of the Decedent, George Homer Tillman III, was executed without reason or provocation, as the Decedent was running away from confrontation.

50. The Defendants'/Officers' actions and misconduct deprived the Decedent, George Homer Tillman III of the rights and privileges of the United States Constitution, the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

51. Decedent, George Homer Tillman III, was deprived of his right to due process of law, his right to be free from physical injury/seizure and the unwarranted use of physical force.

52. The Defendants, "City" and " NYPD", have as a matter of policy and practice and with indifference failed to adequately train, supervise, discipline, sanction or otherwise direct its police officers regarding the protection of the above-mentioned Constitutional rights of Decedent, as well as issue disciplinary and corrective measures.

53. The misconduct alleged above by the Defendants was the proximate cause of Decedent's wrongful death on the morning of April 17, 2016.

54. By reason of the foregoing, the Plaintiff, Antoinette Tillman, individually and as Administratrix of the Estate of George Homer Tillman III demands judgment for the wrongful death against the Defendants.

**AND AS FOR A SECOND CAUSE OF ACTION FOR NEGLIGENCE ON BEHALF OF ANTOINETTE TILLMAN, AS ADMINISTRATRIX OF THE ESTATE OF GEORGE HOMER TILLMAN III DECEDENT AGAINST ALL DEFENDANTS**

55. The Plaintiff repeats and re-alleges such and every allegation set forth above inclusive with the same force and effect as if more fully set forth at length herein.

56. As a result of the Defendants' reckless, careless conduct causing the death and injury suffered by George Homer Tillman III occurred and was solely caused by the aforementioned Defendants.

57. Said negligence stated herein, consisted *inter alia* of negligence in hiring, training, retention of police officers involved in this incident; supervision; negligence in failing to adhere to the existing police department Police Patrol Guidelines protocol as to the use of deadly lethal force causing serious injuries both physical and emotional resulting in death; deprivation of Decedent's civil rights, privilege and immunities secured under the Constitution of the United States of America and State of New York; negligence in failing to use care in performance of police duties for which a reasonably prudent and careful police officer would have used in similar circumstances, in hiring not training but retaining persons who were unfit to serve as Police Officers; negligence in training police officers in the processing of a person suspected of violation of the criminal law of the State of New York which resulted in the shooting death of Decedent.

58. The City Defendant was further negligent in failing to properly investigate the shooting of the Decedent and said negligence, includes but no exclusive to, the failure to administrate proper Police Patrol Guidelines protocol.

59. Due to the aforementioned negligence collectively, Decedent was caused to suffer severe physical injuries, pain and suffering resulting in death, and emotional and psychological distress and horror.

60. By reason of the foregoing, the Plaintiff demands judgment for negligence against the Defendants in a sum to be determined at trial.

## AND AS FOR A THIRD CAUSE OF ACTION FOR NEGLIGENT HIRING AND RETENTION AS TO THE CITY OF NEW YORK, AND NEW YORK CITY POLICE DEPARTMENT

61. The Plaintiff(s) repeats and re-alleges such and every allegation set forth above inclusive with the same force and effect as if more fully set forth at length herein.

62. Said Defendants did not exercise reasonable care and diligence in the employment and training of its agents, servants, and employees and were negligent in the hiring, training and retention of the Defendants/Officers.

63. By reason of the forgoing, the Plaintiff demands judgment for negligent hiring and retention against Defendants City and NYPD in a sum to be determined at trial.

## AND AS FOR A FOURTH CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983 ALL DEFENDANTS

64. The Plaintiff(s) repeats and re-alleges such and every allegation set forth above inclusive with the same force and effect as if more fully set forth at length herein.

65. The Defendants were acting under the color of law and within the scope of their authority when they battered, assaulted, and used excessive force (deadly force) against Decedent, George Homer Tillman III in violation of 42 U.S.C § 1983 as well as other applicable State and Federal law.

66. The Defendants were acting under color of law and within their scope of their employment/authority when they deprived the Decedent of life and liberty without due process and without reasonable cause in violation of 42 U.S.C § 1983 as well as other applicable State and Federal laws.

67. The Defendants had deprived the Decedent by their actions of his civil rights as guaranteed

by statute.

68. That the shooting and death of Decedent was in violation of his civil rights in particularly 42 U.S.C § 1983 as well as other applicable State and Federal laws including the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

69. That the deprivation by the Defendants of the Decedent's civil rights was a proximate result of the Defendants' conduct acting under color of law and within their authority as law enforcement officers within the employment of the Defendants City and NYPD.

70. The Defendant collectively were not acting with immunity when they deprived the Decedent of his civil rights.

71. By reason of the foregoing, the Plaintiff demands judgment for civil rights violations against the Defendants in a sum to be determined at trial.

### AS AND FOR FIFTH CAUSE OF ACTION FOR ASSAULT AND BATTERY AGAINST POLICE OFFICER DEFENDANTS

72. The Plaintiff repeats and re-alleges such and every allegation set forth above inclusive with the same force and effect as if more fully set forth at length herein That on April 17, 2016 at approximately 1:00 a.m. and at all times hereinafter mentioned and upon information and belief Defendants caused the assault and battery of Decedent without reason or provocation, resulting in his death.

73. Said shooting death was executed knowingly, intentionally and willfully.

74. Said Police Officers were acting within the scope of employment with the Defendants.

75. That the shooting of the Decedent was without probable cause.

76. By reason of the battery and assault, Decedent suffered physical injuries, pain and suffering resulting in death, emotional and psychological distress and horror.

77. Plaintiff demands judgment for battery and assault against the Defendants in a sum to be determined at trial.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

78. The Plaintiff repeats and re-alleges such and every allegation set forth above inclusive with the same force and effect as if more fully set forth at length herein.

79. The actions of the Defendants collectively herein alleged above, were malicious, willful and/or grossly negligent.

80. By reason of the foregoing, Plaintiff demands judgment for punitive damages against all Defendants in a sum to be determined at trial.

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR LOSS OF SERVICES ON BEHALF OF ANTOINETTE TILLMAN AS TO ALL DEFENDANTS

81. The Plaintiff repeats and re-alleges such and every allegation set forth above inclusive with the same force and effect as if more fully set forth at length herein.

82. At all times hereinafter mentioned, the Plaintiff, Antoinette Tillman was the spouse of Decedent, George Homer Tillman III, and resided with him and was entitled to his services, society comfort, financial support, love and affection.

83. As a result of the Defendants'/Officers' conduct alleged above Plaintiff has been deprived of the services, society comfort, love, financial support and affection from her husband in perpetuity.

84. By reason of the foregoing, Plaintiff demands judgment on behalf of herself against the Defendants for loss of services, society comfort, financial support, love and affection from her husband in a sum to be determined at trial.

**WHEREFORE**, the Plaintiff, Antoinette Tillman individually and as Administratix of the Estate of George Homer Tillman III, respectfully request damages as stated within the First Cause of Action through the Seventh Cause of Action as summarized below:

A) Compensatory damages in an amount to be determined at trial;

B) Punitive damages in the amount to determined at trial;

C) Reasonable attorney's fees, disbursements and costs of their action pursuant to U.S.C. § 1983, 1985, 1988;

D) All legal and statutory interest on sums awarded;

E) Damages from the wrongful death of Decedent and pain and suffering;

F) Damages from Loss of services;

G) Emotional and psychological distress and horror;

H) Such other and further relief as this Honorable Court may deem just, proper and equitable.

DATED:   New York, New York       KUPILLAS, UNGER & BENJAMIN, LLP.
         April 13, 2018

*Jeffrey Benjamin*
Jeffrey Benjamin, Esq.
KUPILLAS, UNGER & BENJAMIN, LLP.
Attorneys for Plaintiffs
5 Penn Plaza, 23rd Floor
New York, New York 10001
(212) 655-9536

## VERIFICATION

STATE OF NEW YORK    )
                                             :ss
COUNTY OF NEW YORK  )

ANTOINETTE TILLMAN being duly sworn, depose and say:

That deponent is the plaintiff herein both individual and in representative capacity; deponent has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof: that the allegations are true and accurate to the best of the deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes to be true.

_____
ANTOINETTE TILLMAN

Subscribed and Sworn to before me this
13th day of April, 2018.

_____
NOTARY PUBLIC

JEFFREY BENJAMIN
Notary Public, State of New York
No. 02BE6087180
Qualified in New York County
Commission Expires February 10, 20 19