UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

IN THE MATTER OF THE ESTATE OF
GEORGE HOMER TILLMAN III BY
ANTOINETTE TILLMAN, INDIVIDUALLY
AND AS ADMINISTRATRIX OF THE ESTATE,

                                      Plaintiffs,

                    -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, SERGEANT
THOMAS SORRENTINO, SHIELD #5635,
POLICE OFFICER MICHAEL RENNA, SHIELD
#6389, POLICE OFFICER KENNETH
STALLONE, SHIELD #15897, POLICE OFFICER
MATEUSZ KRZEMINSKI, SHIELD #29008,
POLICE OFFICER JOHN ARNOLD, SHIELD
NO. #31722, AS POLICE OFFICERS AND
INDIVIDUALLY.

                               Defendants.

-------------------------------------------------------------- x

No. 18-CV-2211 (NGG) (RER)

**<u>ANSWER</u>**

JURY TRIAL DEMANDED

        Defendant[1] The City of New York, by its attorney, Zachary W. Carter, Corporation

Counsel of the City of New York, as and for its answer to plaintiffs' Amended Complaint, dated

April 13, 2018, respectfully:

           1.       Denies the allegations in paragraph "1" of the Amended Complaint, except

admits that plaintiffs have commenced an action seeking relief as stated therein.

           2.       Denies the allegations in paragraph "2" of the Amended Complaint.

           3.       Denies the allegations in paragraph "3" of the Amended Complaint, except

---

[1] The New York City Police Department, named as a defendant herein, is not a suable entity. <u>See</u>, e.g. <u>Marte v. New York City Police Dep't</u>, 1:10-cv-3706-PKC, 2010 U.S. Dist. LEXIS 109932, at *3-4 (S.D.N.Y. Oct. 12, 2010).

admits that plaintiffs have commenced an action as stated therein.

4. Denies the allegations in paragraph "4" of the Amended Complaint, except admits that plaintiffs have commenced an action as stated therein.

5. Denies the allegations in paragraph "5" of the Amended Complaint, except admits that plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

6. Denies the allegations in paragraph "6" of the Amended Complaint, except admits that plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

7. Denies the allegations in paragraph "7" of the Amended Complaint, except admits that plaintiffs purport to base venue in this district as stated therein.

8. States that the allegations in paragraph "8" of the Amended Complaint are not averments of fact to which a response is required.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "9" of the Amended Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "10" of the Amended Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the Amended Complaint, except admits that plaintiffs have commenced an action as stated therein.

12. Denies the allegations in paragraph "12" of the Amended Complaint, except admits that the City is a municipal corporation duly organized and existing under New York State law and that the City maintains a police department which, at the time of the incident, employed the individually named defendants.

13. Admits the allegations in paragraph "13" of the Amended Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph "14" of the Amended Complaint, except admits that officers from the 106th precinct were involved in a shooting death on April 17, 2016, including the individually named defendants.

15.     Admits the allegations in paragraph "15" of the Amended Complaint, except states that the allegations that the officers acted within the scope of their employment and under color of law are legal conclusions to which no response is required.

16.     Admits the allegations in paragraph "16" of the Amended Complaint, except states that the allegations that the officers acted within the scope of their employment and under color of law are legal conclusions to which no response is required.

17.     Admits the allegations in paragraph "17" of the Amended Complaint, except states that the allegations that the officers acted within the scope of their employment and under color of law are legal conclusions to which no response is required.

18.     Admits the allegations in paragraph "18" of the Amended Complaint, except states that the allegations that the officers acted within the scope of their employment and under color of law are legal conclusions to which no response is required.

19.     Admits the allegations in paragraph "19" of the Amended Complaint, except states that the allegations that the officers acted within the scope of their employment and under color of law are legal conclusions to which no response is required.

20.     States that the allegations in paragraph "20" of the Amended Complaint are not averments of fact to which a response is required.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the Amended Complaint, except admits on information and belief that a document purporting to be a Notice of Claim was received by the City Comptroller's Office on or about July 13, 2016.

22.     Denies knowledge or information sufficient to form a belief as to the allegations in paragraph "22" of the Amended Complaint, except admits on information and belief that more than 30 days have elapsed and that the claim has not been adjusted or paid.

23.     Denies the allegations in paragraph "23" of the Amended Complaint, except admits on information and belief that Antoinette Tillman's 50-h hearing was held on June 30, 2017.

24.     Admits the allegations in paragraph "20" of the Amended Complaint.

25.     Denies the allegations in paragraph "25" of the Amended Complaint, except admits that the City maintained a police department and employed police officers and respectfully refers the Court and plaintiffs to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYPD.

26.     Denies the allegations in paragraph "26" of the Amended Complaint, except admits that on April 17, 2016, George Homer Tillman III ("George Tillman") was standing in the roadway beside a vehicle in the vicinity of 135th Street and 116th Avenue in Queens and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the ownership of the vehicle.

27.     Admits the allegations in paragraph "27" of the Amended Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "28" of the Amended Complaint, except admits that George Tillman was not given a citation and states that the allegations as to what the officers could have done are legal conclusions to which no response is required.

29.     Denies the allegations in paragraph "29" of the Amended Complaint.

30.     Denies the allegations in paragraph "30" of the Amended Complaint, except admits that officers exited their vehicle and approached George Tillman and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiffs'

knowledge.

31.     Denies the allegations in paragraph "31" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that George Tillman was in fear.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "32" of the Amended Complaint, except admits that George Tillman fled the scene and ran away.

33.     Denies the allegations in paragraph "33" of the Amended Complaint, except admits that officers shot at George Tillman.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "34" of the Amended Complaint.

35.     Denies the allegations in paragraph "35" of the Amended Complaint.

36.     Denies the allegations in paragraph "36" of the Amended Complaint.

37.     Denies the allegations in paragraph "37" of the Amended Complaint.

38.     Denies the allegations in paragraph "38" of the Amended Complaint.

39.     Denies the allegations in paragraph "39" of the Amended Complaint.

40.     Denies the allegations in paragraph "40" of the Amended Complaint.

41.     Denies the allegations in paragraph "41" of the Amended Complaint.

42.     Denies the allegations in paragraph "42" of the Amended Complaint.

43.     Denies the allegations in paragraph "43" of the Amended Complaint.

44.     Denies the allegations in paragraph "44" of the Amended Complaint.

45.     Denies the allegations in paragraph "45" of the Amended Complaint.

46.     Denies the allegations in paragraph "46" of the Amended Complaint.

47.     Denies the allegations in paragraph "47" of the Amended Complaint.

48.     Denies the allegations in paragraph "48" of the Amended Complaint.

49.     In response to the allegations in paragraph "49" of the Amended Complaint, defendant repeats the responses in the previous paragraphs.

50.     Denies the allegations in paragraph "50" of the Amended Complaint.

51.     Denies the allegations in paragraph "51" of the Amended Complaint.

52.     Denies the allegations in paragraph "52" of the Amended Complaint.

53.     Denies the allegations in paragraph "53" of the Amended Complaint.

54.     Denies the allegations in paragraph "54" of the Amended Complaint.

55.     Denies the allegations in paragraph "55" of the Amended Complaint.

56.     Denies the allegations in paragraph "56" of the Amended Complaint.

57.     Denies the allegations in paragraph "57" of the Amended Complaint.

58.     Denies the allegations in paragraph "58" of the Amended Complaint.

59.     In response to the allegations in paragraph "59" of the Amended Complaint, defendant repeats the responses in the previous paragraphs.

60.     Denies the allegations in paragraph "60" of the Amended Complaint.

61.     Denies the allegations in paragraph "61" of the Amended Complaint.

62.     Denies the allegations in paragraph "62" of the Amended Complaint.

63.     Denies the allegations in paragraph "63" of the Amended Complaint.

64.     Denies the allegations in paragraph "64" of the Amended Complaint.

65.     In response to the allegations in paragraph "65" of the Amended Complaint, defendant repeats the responses in the previous paragraphs.

66.     Denies the allegations in paragraph "66" of the Amended Complaint.

67.     Denies the allegations in paragraph "67" of the Amended Complaint.

68.     In response to the allegations in paragraph "68" of the Amended Complaint,

defendant repeats the responses in the previous paragraphs.

69.     Denies the allegations in paragraph "69" of the Amended Complaint.

70.     Denies the allegations in paragraph "70" of the Amended Complaint.

71.     Denies the allegations in paragraph "71" of the Amended Complaint.

72.     Denies the allegations in paragraph "72" of the Amended Complaint.

73.     Denies the allegations in paragraph "73" of the Amended Complaint.

74.     Denies the allegations in paragraph "74" of the Amended Complaint.

75.     Denies the allegations in paragraph "75" of the Amended Complaint.

76.     In response to the allegations in the first sentence of paragraph "76" of the Amended Complaint, defendant repeats the responses in the previous paragraphs.  Defendant denies the allegations in in second sentence of this paragraph.

77.     Denies the allegations in paragraph "77" of the Amended Complaint.

78.     States that the allegations in paragraph "78" of the Amended Complaint are legal conclusions to which no response is required.

79.     Denies the allegations in paragraph "79" of the Amended Complaint.

80.     Denies the allegations in paragraph "80" of the Amended Complaint.

81.     Denies the allegations in paragraph "81" of the Amended Complaint.

82.     In response to the allegations in paragraph "82" of the Amended Complaint, defendant repeats the responses in the previous paragraphs.

83.     Denies the allegations in paragraph "83" of the Amended Complaint.

84.     Denies the allegations in paragraph "84" of the Amended Complaint.

85.     In response to the allegations in paragraph "85" of the Amended Complaint, defendant repeats the responses in the previous paragraphs.

86.     Denies knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph "86" of the Amended Complaint.

87.     Denies the allegations in paragraph "87" of the Amended Complaint.

88.     Denies the allegations in paragraph "88" of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

89.     The Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

90.     Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

91.     Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendant.

### FOURTH AFFIRMATIVE DEFENSE

92.     Plaintiffs provoked or was at fault for the incident.

### FIFTH AFFIRMATIVE DEFENSE

93.     To the extent that any force was used, such force was reasonable, necessary and justified.

### SIXTH AFFIRMATIVE DEFENSE

94.     The plaintiffs failed to mitigate their alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

95.     To the extent that the Amended Complaint alleges any claims arising under the laws of the State of New York, such claims may be barred in whole or in part by reason of either

or both plaintiffs' failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

### EIGHTH AFFIRMATIVE DEFENSE

96.     At all times relevant to the acts alleged in the Amended Complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, the City has governmental immunity from liability.

### NINTH AFFIRMATIVE DEFENSE

97.     Punitive damages cannot be assessed as against The City of New York.

### TENTH AFFIRMATIVE DEFENSE

98.     The NYPD is not a suable entity.

### ELEVENTH AFFIRMATIVE DEFENSE

99.     The amounts recoverable by plaintiffs are subject to limitation pursuant to N.Y. General Obligations Law, § 15-108 by reason of a prior settlement between plaintiffs and other person(s), or pursuant to N.Y. C.P.L.R. § 4545 are subject to reduction by collateral sources received by plaintiffs.

### TWELFTH AFFIRMATIVE DEFENSE

100.     Plaintiffs' state law claims are barred in whole or in part by the statutes of limitations.

**WHEREFORE,** defendant The City of New York demands judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      December 11, 2018

                    ZACHARY W. CARTER
                    Corporation Counsel of the
                    City of New York
                    Attorney for Defendant
                    100 Church Street, Room 3-142
                    New York, New York 10007
                    (212) 356-3527

                    By:        /s/
                        Brian Francolla
                        Senior Counsel

To:     Jeffrey Benjamin, Esq. (by ECF)
        KUPILLAS, UNGER & BENJAMIN, LLP.
        5 Penn Plaza, 23rd Floor
        New York, New York 10001