UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
IN THE MATTER OF THE ESTATE OF GEORGE
HOMER TILLMAN III BY ANTOINETTE TILLMAN,
INDIVIDUALLY AND AS ADMINISTRATRIX OF
THE ESTATE,

                         Plaintiff,

      v.

THE CITY OF NEW YORK THE CITY OF NEW
YORK, THE NEW YORK CITY POLICE
DEPARTMENT, SERGEANT THOMAS
SORRENTINO, SHIELD #5635, POLICE OFFICER
MICHAEL RENNA, SHIELD #6389, POLICE
OFFICER KENNETH STALLONE, SHIELD #15897,
POLICE OFFICER MATEUSZ KRZEMINSKI,
SHIELD #29008, AS POLICE OFFICERS AND
INDIVIDUALLY,

                        Defendants.
-------------------------------------------------------------------x

**OPINION AND ORDER**

18-CV-2211
(Kovner, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Suffolk County Police Department's ("SCPD") Motion to Quash (Dkt. No. 80) and **GRANTS IN PART AND DENIES IN PART** Plaintiff's Cross-Motion to Compel (Dkt. No. 81).

**I.  Pertinent Background[1]**

In this action, Plaintiff—the estate of George Homer Tillman, III, by Antoinette Tillman, individually and as administratrix of the estate—brings claims of excessive force and wrongful death pursuant to 42 U.S.C. § 1983 against Defendants Sergeant Thomas Sorrentino, Police Officer Michael Renna, Police Officer Kenneth Stallone, and Police Officer Mateusz Krzeminski (collectively, the "Individual Defendants"); assault, battery, and wrongful death under state law

---

[1] The Court assumes the parties' familiarity with the general factual and procedural background of this case.

against the Individual Defendants and Defendant City of New York under the doctrine of *respondeat superior*; and loss of consortium on behalf of Plaintiff individually against all Defendants.  *See* Dkt. No. 68.  Plaintiff's claims arise out of the shooting death of Mr. Tillman on April 17, 2016.  *See id.*  On September 28, 2022, the Honorable Rachel P. Kovner, United States District Judge, denied Defendants' Motion for Summary Judgment.  Dkt. No. 47, 54.

Plaintiff represents that three of the named defendant police officers in this action—Kenneth Stallone, Michael Renna, and Mateusz Krzeminski (collectively, "Former NYPD Defendants")—resigned from their prior employment as Police Officers with the New York City Police Department following the incident at issue in this litigation and joined the SCPD.  Dkt. No. 81-1, at 2.  In the course of discovery in the instant litigation, Defendants produced to Plaintiff a SCPD form "Statement for Police Officer Candidates" that was filled and sworn to by Defendant Kenneth Stallone "in conjunction with [his] status as a candidate for the position of Police Officer with the Suffolk County Police Department."  *See* Dkt. No. 81-5.  In this statement, Mr. Stallone recounts the events of April 16-17, 2016 and his recollection of the facts concerning the exact incident at issue in this litigation.[2]  *Id.*

On October 5, 2023, Plaintiff served counsel for Defendants with copies of two subpoenas that they intended on serving upon non-party SCPD and non-party Suffolk County District Attorneys' Office.  *See* Dkt. Nos. 81-1, at 2; 81-3.  On October 10, 2023, Plaintiff served SCPD.  Dkt. No. 81-1, at 2; Dkt. No. 81-2.

---

[2] The Court notes that Plaintiff does not assert that Defendants Michael Renna and Mateusz Krzeminski also filled out a "Statement for Police Officer Candidates" as part of their job applications.  Plaintiff rests on the contention that "at least one defendant made statements to SCPD about the shooting of Geroge [*sic*] Tillman as part of his application to become an SCPD officer."  Dkt. No. 81-1, at 7.

2

Plaintiff's first subpoena requires SCPD to produce "all adverse credibility findings (including, but not limited to judicial findings in orders and transcripts and lawsuits) and Brady and/or Giglio disclosures for [the Former NYPD Defendants]." Dkt. No. 81-3, at 2.

Plaintiff's second subpoena requires SCPD to produce "[a]ll personnel records, applications, disciplinary records (including internal affairs and civilian complaint records), background checks and investigations, polygraph records, and correspondence related to hiring, training, retention, and supervision for [the Former NYPD Defendants]." Dkt. No. 81-3, at 5.

On November 3, 2023, SCPD filed the instant Motion to Quash Plaintiff's subpoenas[3] or, in the alternative, issue a protective order. Dkt. No. 80. SCPD argues that Plaintiff's subpoenas seek "private information that has absolutely no connection to and is in no way relevant to Plaintiff's claims against the New York City Police Department and [the Former NYPD Defendants]." *Id.* SCPD also contends that "[t]he nature of this subpoena is not only harassing and detrimental to the defendants but also seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Id.* Finally, SCPD argues that, even if *arguendo*, the discovery sought is found to be relevant, the Court "must weigh Plaintiff's right to obtain discovery against the burden imposed." *Id.*

On November 4, 2023, Plaintiff filed a Cross-Motion to Compel SCPD to comply with the subpoena in opposition to SCPD's Motion to Quash. Dkt. No. 81-1. In opposition, Plaintiff first argues that SCPD waived all objections and the right to move to quash by failing to timely move or object pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iv) (requiring a motion to quash to be made within 14 days after service of the subpoena). Further, Plaintiff asserts that the records sought are relevant to trial and cross-examination preparations. *Id.* Specifically, Plaintiff argues that the subpoena

---

[3] While Plaintiff has served SCPD with two subpoenas, all parties appear to use the singular "subpoena" and the plural "subpoenas" interchangeably; the Court does the same unless otherwise noted.

3

seeks "materials relevant to the use of prior inconsistent statements or even records which [] suggest avenues of inquiry." *Id.* (quotations in original).  Finally, Plaintiff notes that SCPD has failed to allege any privilege and failed to articulate the undue burden they would suffer if made to comply with the subpoena. *Id.*

On November 8, 2023, Defendants filed a letter in support of SCPD's Motion to Quash Plaintiff's subpoena. *See* Dkt. No. 83.  Defendants argue that Plaintiff's subpoenas are, *inter alia*, "vague, ambiguous, and not limited in time or scope" and seeks irrelevant or privileged information. *See id.*  Defendants add that "[n]one of the information disclosed by SCDA would be admissible," thereby rendering any subpoena of personnel records a "fishing expedition" that "would yield [nothing] of value." *Id.*  Defendants further object to this SCPD subpoena on the grounds that it "constitutes untimely discovery without leave of Court," as discovery in this matter was certified as complete on September 30, 2021—more than two years ago.[4] *Id.*

Defendants also note that "[i]n the event that the Court orders any production of the defendants' records by Suffolk County, Defendants respectfully request the opportunity to review that production and interpose any additional objections as necessary prior to any production to the plaintiff. Defendants would propose that they provide those objections for *in camera* review[5] prior to production to the plaintiff." *Id.*  Defendants submit that "[t]his safeguard is requested to ensure that no privileged, private, or irrelevant information is inadvertently disclosed by Suffolk County, which is not a party to this action." *Id.*

---

[4] Even after the February 23, 2024 oral arguments on the instant motions, it remains unclear to this Court why discovery is being sought over years after discovery has been closed and certified as complete.  *See* Text Order dated September 30, 2021.  In the interest of fairness and in light of this matter's posture, the Court will allow for the limited production by the non-party.  No further discovery requests will be entertained by this Court absent an unequivocal showing of good cause.

[5] During oral arguments held on February 23, 2024 on the instant motions, counsel for Defendants clarified that they seek to ensure that personal identifying information would not be produced by SCPD.

4

The Court held oral argument regarding the above motions on February 23, 2024.

**II.    Legal Standards**

In general, a party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party and proportional to the needs of the case.

"In general, a party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party and proportional to the needs of the case." *Johannes v. Lasley*, No. 17-CV-3899 (CBA) (AYS), 2019 WL 1958310, at *3 (E.D.N.Y. May 2, 2019) (citing Fed. R. Civ. P. 26(b)(1)). "Nonetheless, a court has discretion to circumscribe discovery even of relevant evidence by making any order which justice requires 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (citing Fed. R. Civ. P. 26(c)(1) and *Herbert v. Lando*, 441 U.S. 153, 177 (1979)).

Federal Rule of Civil Procedure 45 allows a party to serve a subpoena for production of documents on a non-party. Fed. R. Civ. P. 45(a)(1). The non-party may move to quash or modify a subpoena as follows:

> (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>   (i) fails to allow a reasonable time to comply;
>   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>   (iv) subjects a person to undue burden.
>
> (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
>   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

5

> (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
>     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
>     (ii) ensures that the subpoenaed person will be reasonably compensated.

Fed. R. Civ. P. 45; *see also Orlando v. The Kraft Heinz Co.*, No. 3:22-CV-01636 (JCH), 2024 WL 552779, at *2 (D. Conn. Feb. 9, 2024) ("The non-party may object, and may move to quash, if the subpoena "(1) 'fails to allow a reasonable time to comply'; (2) requires a non-party to travel beyond certain geographical limits; (3) requires disclosure of privileged materials; (4) subjects a person to 'undue burden'; (5) requires disclosure of 'a trade secret or other confidential research, development, or commercial information'; or (6) requires disclosure of certain expert opinions.") (citation omitted).

    To determine whether a subpoena imposes an undue burden, courts weigh the burden to the subpoenaed party against the value of the information to the serving party by considering factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Trooper 1 v. New York State Police*, No. 22-CV-893 (LDH) (TAM), 2024 WL 165159, at *5 (E.D.N.Y. Jan. 16, 2024) (citing *Citizens Union v. Att'y Gen. of New York*, 269 F. Supp. 3d 124, 138 (S.D.N.Y. 2017) (citations omitted)); *see also Henry v. Bristol Hosp., Inc.*, No. 13-CV-826 (SRU), 2020 WL 1158464, at *1 (D. Conn. Mar. 10, 2020) ("[C]ourts give special weight to the burden on non-parties of producing documents to parties involved in litigation."). Determinations of issues of "undue burden" are committed to the discretion of the trial court. *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 68-70 (2d Cir. 2003); *see also Herbert*, 441 U.S. at 177 ("[T]he district courts should not neglect their power to restrict

6

discovery" under Fed. R. Civ. P. 26(c) and "should not hesitate to exercise appropriate control over the discovery process.").

> In making this determination, a court must limit a party's discovery if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the proposed discovery is outside the scope permitted by rule 26(b)(1).

*See* Fed. R. Civ. P. 26(b)(2)(C). Rule 26(b)(1) states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevance" under Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Barrett v. City of N.Y.*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable").

Even if the discovery sought by Plaintiff was found to be relevant, this Court must still weigh Plaintiff's right to obtain that discovery against the burden imposed on the Individual Defendants. *See Warnke v. CVS Corp.*, 265 F.R.D. 64, 69 (E.D.N.Y. 2010) (citing *Mirkin v. Winston Res., LLC*, No. 07-CV-02734, 2008 WL 4861840, at *1 (S.D.N.Y. Nov. 10, 2008)). "Because '[t]he trial court is in the best position to weight fairly the competing needs and interest of parties affected by discovery,' Rule 26 confers broad discretion to weigh discovery matters." *Id.* (citations omitted). Moreover, the court may issue an order "to protect a party or person from

annoyance, embarrassment, oppression or undue burden or expense . . . ." *Id.* (citing Fed. R. Civ. P . 26(c)).

## III. Discussion

### A. The Timeliness of SCPD's Objections

The Federal Rules of Civil Procedure require a motion to quash a subpoena to be made "promptly . . . at or before the time specified in the subpoena for compliance therewith." *City of New York v. Golden Feather Smoke Shop, Inc.*, No. 08-CV-3966 (CBA), 2009 WL 10705762, at *2 (E.D.N.Y. Dec. 21, 2009) (citing Fed. R. Civ. P. 45(b)). Although "[t]he decision of whether to quash or modify a subpoena is within the district court's discretion," *Ireh v. Nassau Univ. Med. Ctr*, No. 06-CV-09, 2008 WL 4283344, *3 (E.D.N.Y. Sept. 27, 2008) (quoting *Olszewski v. Bloomberg L.P.*, No. 96-CV-3393, 2000 WL 1843236, at *4 (S.D.N.Y. Dec. 13, 2000)), it is well settled in the Second Circuit that for a motion to quash a subpoena to be "timely," it "must be made prior to the return date of the subpoena." *City of New York*, 2009 WL 10705762, at * 2 (citing *Estate of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006)); *see also Mackey v. U.S. Securities & Exchange Com'n,* 1997 WL 114801, at *1 (D. Conn. Feb. 21, 1997) (dismissing motion challenging subpoena because it was filed sixteen days after the notice of the subpoena was mailed).

Here, relying largely on *Nguyen v. Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung E.V.*, No. MC 21-0014 (CKK), 2021 WL 5800741, at *3 (D.D.C. Dec. 7, 2021), Plaintiff argues that "[a] motion is timely if made, at the latest, 14 days after service of the subpoena." Dkt. 81-1, at 4-5. But the court in *Nguyen* expressly rejects Plaintiff's contention—stating that "the Court is not inclined to create a new definition of timeliness under Rule 45." *Id.* at *3. In any event, this Court finds no need to look to other circuits when the Second Circuit's

view is clear and established.  A motion to quash a subpoena must be made prior to the return date of the subpoena—that is, prior to the time specified in the subpoena for compliance.  *See City of New York*, 2009 WL 10705762, at * 2; Fed. R. Civ. P. 45(b).  "It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena." *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 516 (S.D.N.Y. 2022) (collecting cases).

Here, each subpoena required SCPD to produce the requested materials by November 4, 2023, at 10:00 a.m.  *See* Dkt. No. 81-3, at 2, 5.  SCPD filed its Motion to Quash on November 3, 2023.  *See* Dkt. No. 80.  Therefore, the Court finds that the Motion to Quash is timely, rejects Plaintiff's argument in opposition, and proceeds to the merits.

### B.     The Merits of SCPD's Motion and Plaintiff's Cross-Motion

In its Motion to Quash, SCPD argues that Plaintiff's subpoenas seek "private information that has absolutely no connection to and is in no way relevant to Plaintiff's claims against the New York City Police Department and [the Individual Defendants]."  Dkt. No. 80.  SCPD also notes that "[t]he nature of this subpoena is not only harassing and detriment to the defendants but also seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Id.*  Finally, SCPD notes that, even if *arguendo*, the discovery sought is found to be relevant, the Court "must weigh Plaintiff's right to obtain discovery against the burden imposed." *Id.*

In opposition, Plaintiff asserts that the records sought are relevant to trial and cross-examination preparations.  Dkt. No. 81-1.  Specifically, Plaintiff argues that the subpoena seeks "materials relevant to the use of prior inconsistent statement or even records which [] suggest avenues of inquiry." *Id.* (quotations in original).  Plaintiff also notes that SCPD has failed to allege

9

any privilege and failed to articulate the undue burden that they would suffer if made to comply with the subpoena. *Id*.

As to the first subpoena (Dkt. No. 81-3, at 2), Plaintiff fails to demonstrate why "all adverse credibility findings" and "Brady and/or Giglio disclosures" are relevant or, for that matter, proportionate to the needs of this case. Therefore, SCPD's Motion to Quash the first subpoena is granted.

As to the second subpoena, however, the Court finds that a portion of the documents sought in connection with the Individual Defendants' application to SCPD are relevant. Accordingly, the Court must consider the nature of the relevant information, whether its production is proportionate to the needs of the case, and if the production would result in an undue burden. Fed. R. Civ. P. 26(b)(1); *see also Roth v. Cnty. Of Nassau,* No. 15-CV-6358 (LDW) (AYS), 2017 WL 75753, at *5 (E.D.N.Y. Jan. 6, 2017).

It is undisputed that the Former NYPD Defendants resigned from the NYPD shortly after the shooting death of Mr. Tillman on or about April 17, 2016 and became police officers at the SCPD thereafter. Dkt. No. 81-1. Indeed, Defendants produced a SCPD form statement by Mr. Stallone intended to accompany his application to become a SCPD police officer. *See* Dkt. No. 81-5. In this statement, Mr. Stallone handwrote a version of the events surrounding Mr. Tillman's death; the statement makes reference to the fact that he "discharged [his] firearm two times." Dkt. No. 81-5, at 2.[6]

SCPD asserts that "none of the documents and records requested have any connection to defendants' alleged past actions or job performance at the NYPD, which is at issue in this action." Dkt. No. 80, at 9. But SCPD's assertion is belied by Mr. Stallone's SCPD statement. At minimum,

---

[6] This exhibit is Bates stamp numbered "DEF 2652 – DEF 2655."

there is no genuine dispute that Mr. Stallone's SCPD form, "Statement for Police Officer Candidates," contains a detailed description of the events at issue here on April 16-17, 2016. There is also no dispute that this statement is part of SCPD's personnel records for Mr. Stallone. There may be other documents related to the shooting death of Mr. Tillman in Mr. Stallone's SCPD's personnel file as well, which would certainly be relevant to the issues presented in this litigation. It is possible—and perhaps probable, given Mr. Stallone's assertions in his SCPD statement—that similar statements related to Mr. Tillman's shooting death are included in the SCPD personnel files for Mr. Renna and Mr. Krzeminski.

A modification to the subpoena is therefore appropriate here, especially given the Former NYPD Defendants' privacy interests in their personnel records. *See Warnke*, 265 F.R.D. at 66 (holding that plaintiff has a legitimate privacy interest in his personnel and related records). A motion to quash "is not an all-or-nothing proposition; the Court may not only grant or deny such a motion, but it may also order the subpoena modified if appropriate." *Orlando*, 2024 WL 552779, at *2 (citing Fed. R. Civ. P. 45(d)(3) and *Dapkus v. Arthur J. Gallagher Serv. Co., LLC*, No. 3:19-CV-1583 (KAD) (TOF), 2021 WL 83479, at *7-8 (D. Conn. Jan. 11, 2021) (declining to quash subpoena in its entirety but ordering it modified to address privacy objection).

In balancing the indisputable relevance of some of the documents present in the personnel records of the Former NYPD Defendants with their privacy interests, the Court finds that SCPD shall produce, by March 22, 2024, those records in which the Former NYPD Defendants (i) directly or indirectly discuss, relate, or reference the events of April 16-17, 2016 (the shooting death of Mr. Tillman); or (ii) discuss or reference the circumstances of their separation from the New York City Police Department. Should it be necessary, SCPD shall also produce a privilege log with the responsive documents. All other SCPD personnel records related to the Former NYPD

11

Defendants—including applications, disciplinary records, background checks and investigations, polygraph records, and correspondence related to hiring, training, retention, and supervision—that do not contain the information outlined above are deemed irrelevant at this time and not proportional to the needs of this case at this juncture.

The Court need not address undue burden as SCPD merely opposes production citing to the unsupported proposition that compliance would "result in an unnecessary time-consuming exercise for the SCPD." Dkt. No. 80, at 2.  Additionally, SCPD could not reasonably argue that there is an undue burden as some of the information sought in the subpoenas have already been produced to Plaintiff by Defendants.  *See, e.g., Warnke,* 265 F.R.D. at 70 (holding that, in evaluating the burden imposed by the subpoena, it was determinative that "some of the information sought in the Subpoenas has already been produced.")

Finally, there is no basis for Defendants to have the opportunity to review SCPD's production before it is produced to Plaintiff.  Defendants cite no case law in support of their position.  In any event, as noted above, Defendants have clarified that they would only seek to have personal identifying information redacted from SCPD's production; such information would likely be redacted by SCPD regardless of Defendants' position.  Thus, Defendants' request is moot.

## IV. Conclusion

For the foregoing reasons, SCPD's Motion to Quash the non-party subpoenas and Plaintiff's Cross-Motion to Compel are **GRANTED in part** and **DENIED in part** and the non-party subpoenas are modified as follows:

**By March 22, 2024**, SCPD shall produce the records (or portions thereof, where reasonable) in which Defendants Kenneth Stallone, Mateusz Krzeminski, and Michael Renna, respectively,

(i) directly or indirectly discuss, relate, or reference the events of April 16-17, 2016 (the shooting death of Mr. Tillman); or

(ii) discuss or reference the circumstances of their separation from the New York City Police Department.

**By March 22, 2024**, SCPD shall also produce a privilege log as necessary.

**SO ORDERED.**

Dated: Brooklyn, New York
February 23, 2024

                                        */s/ Joseph A. Marutollo*
                                        JOSEPH A. MARUTOLLO
                                        United States Magistrate Judge